UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GATEWAY PANEL, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 4:10cv1772-HEA |

## MEMORANDUM OPINION

### A.   Procedural History.

Plaintiffs are a labor organization, several employee benefit plans, and the trustees and fiduciaries of those plans. Defendants are Gateway Panel, Inc. and Grau Contracting, Inc.

On September 20, 2010, plaintiffs filed suit against defendants in order to collect delinquent contributions, liquidated damages, interest, attorneys' fees, and costs owed pursuant to collective bargaining agreements and under the terms of ERISA, 29 U.S.C. §1132. On December 30, 2010, this Court entered a judgment against defendants in the amount of $11,874.92. Plaintiffs have not been able to collect all of the judgment.

Plaintiffs have moved for a Creditor's Bill in Equity and to Pierce the Corporate Veil of defendants in order to satisfy the judgment against their alleged alter egos: a successor entity called Eisen Construction Services, LLC. Plaintiffs have shown that Eisen Construction Services, LLC is the alter ego of defendants Gateway Panel, Inc. and Grau Contracting, Inc. Therefore, plaintiffs are entitled to a creditor's bill in equity to enforce the September 20, 2010 judgment against Eisen Construction Services, LLC.

**B.     Findings of Fact.**

Jerry Schierding and Diane Schierding were the owners of Gateway Panel, Inc. and Grau Contracting, Inc. Gateway Panel, Inc. was a manufacturer of prefabricated components and Grau Contracting, Inc. was an erection company. Both companies worked in conjunction with one another. Bruce Schierding is the son of Jerry Schierding and Diane Schierding and an employee of Grau Contracting, Inc. He worked as an estimator and occasionally performed management duties for Gateway Panel, Inc. and Grau Contracting, Inc., such as project management, bidding jobs, and ordering material.

Gateway Panel, Inc. and Grau Contracting, Inc. went out of business in August 2010. Plaintiffs have no further collection leads against them. Bruce Schierding formed Eisen Construction Services, LLC on September 22, 2010. This company is owned solely by Bruce Schierding.

Eisen Construction Services, LLC performs carpentry work, as did Grau Contracting, Inc. Almost all of the carpenters employed by Eisen Construction Services, LLC were former employees of Grau Contracting, Inc. Jerry Schierding and Diane Schierding are employees of Eisen Construction Services, LLC. Jerry Schierding performs estimating services and Diane Schierding performs accounting services for Eisen Construction Services, LLC—the same duties they performed at Gateway Panel, Inc. and Grau Contracting, Inc.

Eisen Construction Services, LLC has performed work for former customers of Gateway Panel, Inc. and Grau Contracting, Inc. while working as a subcontractor to Nu-Way Construction Services. Eisen Construction Services, LLC operates out of the same address that Gateway Panel, Inc. and Grau Contracting, Inc. formerly operated out of.

### C.     Conclusions of Law.

This case is governed by ERISA, 29 U.S.C. §§ 1132(a)(3)(ii) and 1145, and by the LMRA, 29 U.S.C. § 185(a). Jurisdiction and venue are proper.

Under the LMRA, one business entity is the alter ego of another, and thus liable for its obligations, if the two are substantially identical in terms of ownership, management, supervision, business purpose, operations, customers, equipment, facilities and employees. See, e.g., Woodline Motor Freight, Inc. v. NLRB, 843 F.2d 285, 288-89 (8th Cir. 1988). Not all of the outlined factors need be identical. Under ERISA, one business entity is likewise the alter ego of another if the two exist independently in form only, and those separate forms are used as a subterfuge to defraud, to justify a wrong, or to mislead or discourage pursuit of legal action. See, e.g., Greater Kansas City Laborers Pension Fund v. Superior General Contractors, Inc., 104 F.3d 1050, 1055 (8th Cir. 1997).

A creditor's bill in equity under Missouri law "enables a judgment creditor to 'trace the value of the goods and services rendered to an empty-shell corporation to the parties behind such a corporation who have received and benefitted from the property or services.'" H.H. Robertson Company v. V.S. DiCarlo General Contractors, Inc., 994 F.2d 476, 477 (8th Cir. 1993) (quoting Shockley v. Harry Sander Realty Co., 771 S.W.2d 922, 925 (Mo.App. 1989)). The Missouri alter ego standard applies to such claims. Id.; see also Mobius Management Systems, Inc. v. West Physician Search, LLC, 175 S.W.3d 186, 189 (Mo.App. 2005).

Missouri law presumes that corporations are separate entities, and courts do not lightly disregard the corporate form to hold one corporation liable for the behavior of another. Mid-Missouri Tel. Co. v. Alma Tel., 18 S.W.3d 578, 582 (Mo.App. 2000). Missouri courts will

"pierce the corporate veil" and hold a defendant liable for the torts of another corporation under the "instrumentality" or "alter ego" rule if the plaintiff can establish:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> (2) such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

Radaszewski v. Telecom Corp., 981 F.2d 305, 306 (8th Cir. 1992); see also Mobius Management Systems, Inc. v. West, 175 S.W.3d 186, 189 (Mo.App. 2005). This standard is almost identical to that applied in ERISA cases. See Kansas City Laborers, 104 F.3d at 1055.

In determining whether one corporation exercised control over another to the extent necessary to pierce the corporate veil, this Court looks to a number of factors, including: the ownership and creation of both corporations, the management of the corporations, the physical location of corporate offices, and the transfer of assets, contracts, and employees between the corporations. See Operating Engineers Local No. 101 Pension Fund v. K.C. Excavating & Grading, Inc., 2002 WL 1492103 at *6 (W.D. Mo. 2002); see also H.H. Robertson Co. v. V.S. DiCarlo General Contractors, 789 F.Supp. 998, 1000 (E.D. Mo. 1992); Edward D. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp., 885 S.W.2d 771, 774 (Mo. App. 1994).

Here, the key occurrence is Bruce Schierding's decision to form Eisen Construction Services, LLC before Gateway Panel, Inc. and Grau Contracting, Inc. satisfied their debt to plaintiffs. Bruce Schierding was an employee of Grau Contracting, Inc. but also occasionally

4

performed management services for that company. Eisen Construction Services, LLC performs the same type of work that Grau Contracting, Inc. previously performed. Moreover, the owners of Gateway Panel, Inc. and Grau Contracting, Inc., Bruce Schierding's parents, are employees of Eisen Construction Services, LLC. They also perform the same duties for Eisen Construction Services, LLC as they did for Gateway Panel, Inc. and Grau Contracting, Inc. Moreover, nearly all of the carpenters employed by Eisen Construction Services, LLC were former employees of Grau Contracting, Inc.

Eisen Construction Services, LLC operates out of the same address that Gateway Panel, Inc. and Grau Contracting, Inc. formerly operated out of. Additionally, Eisen Construction Services, LLC has performed work for former customers of Gateway Panel, Inc. and Grau Contracting, Inc. while working as a subcontractor for a third party.

Under these circumstances, it is clear that Eisen Construction Services, LLC, Gateway Panel, Inc., and Grau Contracting, Inc. are controlled by the Schierdings and that Eisen Construction Services, LLC has been used to avoid the judgment against Gateway Panel, Inc. and Grau Contracting, Inc.

Gateway Panel, Inc. and Grau Contracting, Inc. had a positive legal duty under the collective bargaining agreement and federal law to make the required contributions to plaintiffs. However, these companies were abandoned and Bruce Schierding formed a new company in order to avoid paying Gateway Panel, Inc. and Grau Contracting, Inc.'s creditors. This breach of duty has clearly caused injury to plaintiffs, as their judgment has been rendered uncollectable from Gateway Panel, Inc. and Grau Contracting, Inc.

**D.     Conclusion.**

Plaintiffs have shown that Eisen Construction Services, LLC is the alter ego of defendants Gateway Panel, Inc. and Grau Contracting, Inc. Plaintiffs are thus entitled to a creditor's bill in order to satisfy the judgment against defendants from the assets of their alter ego. Therefore, a judgment of $11,874.92 shall be entered against Eisen Construction Services, LLC.

SO ORDERED:

HENRY E. AUTREY
UNITED STATES DISTRICT JUDGE

Date: 11-8-11